## PETER H. FLORENCE v. JOHN B. SHUMAR AND WILLIAM COOPER.

1. A plaintiff in an action having obtained an assignment of the bail-bond given to the sheriff by the defendant on his arrest, must bring his action on the bond in the same court in which the original action was pending, unless some special circumstances exist to warrant a departure from this rule.

2. The irregularity of an assignee of a bail-bond, suing in a different court from that in which the original action was commenced, may be taken advantage of by a summary application to the court to set aside the proceedings.

3. The sheriff, having arrested the defendant by virtue of a *capias ad respondendum,* and taken a bond for his appearance to the action, may refuse to accept a surrender of the body of the defendant; but if the defendant voluntarily surrenders himself to the sheriff before the return day of the writ, the sheriff may accept such surrender. By such surrender and acceptance the bail are discharged; and if the plaintiff obtains an assignment of the bail-bond, and brings an action on it, the court will stay proceedings, and order the bond to be canceled.

On application for relief of bail.

Argued November Term, 1870, before WOODHULL, DEPUE, and VAN SYCKEL, Justices, by

*A. C. McLean* and *Joel Parker,* for the bail.

*W. H. Vredenburgh,* contra.

Depue, J.   The defendant, Shumar, was arrested by the sheriff of the county of Monmouth on the 2d day of December, 1869, by virtue of a writ of *capias ad respondendum*, issued out of the Circuit Court of that county at the suit of Peter H. Florence, in an action founded on a contract.   The writ was returnable to the 16th day of December.   Immediately on his arrest the defendant gave bond to the sheriff for his appearance to the action, with William Cooper, the other defendant in this action, as his surety; and on the next day the sheriff returned the writ *cepi corpus*, with a copy of the bond, according to the statute.   Special bail not having been put in, the plaintiff took an assignment of the bond, and brought his action on it in this court.

Application was made on behalf of the defendants to set aside the proceedings in this action and dismiss the suit, on the ground that the action on the bail-bond must be brought in the court in which the original action was instituted; and, failing that, for the relief of the bail by ordering the bail-bond to be delivered up to be canceled.

The right of the plaintiff in an action to take an assignment of the bail-bond, and sue on it in his own name, was first given by the statute 4 *and* 5 *Ann, ch.* 16, § 20.   The same section of the statute which authorized the assignment of the bail-bond and a suit on it in the name of the assignee, gave the court in which such action was brought power, by rule or rules, to give such relief to the plaintiff and defendant in the original action, and to the bail, upon the bail-bond, as is agreeable to justice and reason; which rule or rules were declared to have the effect of a defeasance to the bond.   By the settled practice of the English courts under this statute, the assignee of a bail-bond could only bring his action on it in the same court in which the original action was pending, unless some special circumstance could be suggested to warrant a departure from the rule, such as the non-residence of the defendant within the limits of a particular local jurisdiction in which the original action had been brought.   1 *Tidd* 323 ; 1 *Arch. Prac.* 95 ; *Sewell on*

*Sheriff* 179; *Watson on Sheriff* 113; *Petersdorff on Bail* 225. The assignee of a bail-bond, deriving his right of action entirely from the statute which enabled him to take an assignment, it was held that he could only make his right available by submitting to the restrictions imposed by the legislature, and that he must, therefore, bring his suit where it will be subject to the equitable powers which the court, by the statute, was authorized to exercise for the relief of the parties. *Petersdorff on Bail* 225; *Francis* v̇. *Taylor, Barnes* 92; *How* v. *Bridgewater, Ib.* 117; *Morris* v. *Rees,* 2 *William Black.* 838; *S. C.,* 3 *Wils.* 348; *Chesterton* v. *Middlehurst,* 1 *Burr.* 642.

The statute of Anne, as part of the statute law of England, was adopted as the law of this state by the constitution of 1776, and the section in question was re-enacted, with some slight verbal alterations, by the legislature, by the act of March 18th, 1796, (*Pat.* 204,) which remains in force. *Nix. Dig.* 890, § 16.* Where an English statute, which has been re-enacted by the legislature, has received a settled construction by their courts at the time of its enactment here, that construction should be considered as binding; for the adoption of the same language is evidence that the statute, as so construed, expresses the intention of the legislature in passing it. Especially is this the case when the construction relates to the practice of the court, under a statute regulating the proceedings of the court, its officers, or the parties in the conduct of a cause. The rules of practice of the Courts of King's Bench, which were in force at our revolution, regulate the practice of this court, except so far as altered by act of the legislature or superseded by the rules of this court, or inconsistent with the nature of our judicial institutions. *Van Winkle* v. *Alling,* 2 *Harr.* 446.

The construction of the statute that the assignment of a bail-bond by the sheriff only gave the assignee a right, unless under special circumstances, to sue on it in the court in which the original suit had been brought, was induced by the consideration that the equitable jurisdiction conferred by

*Rev., p.* 863, § 94.

the statute over the proceedings by giving such relief in a summary manner to the plaintiff, the defendant, and to the bail, could be best administered by the court which was cognizant of the proceedings in the former suit, and which, by its control over the original action, was able to grant relief in such form, and upon such condition, as would be equitable between the parties.

The practice act empowers the court in which the original action is pending to stay proceedings upon the bail-bond, in order that a trial may be had in the original action, and prescribes the conditions which shall be imposed as the application is made at different stages of the proceedings in the action on the bond, by requiring payment of costs incurred in the prosecution of the bond, or consent that judgment shall be entered against the bail. *Nix. Dig.* 726, §§ 36, 37, 38.*

If the action on the bail-bond is in a different court, it would be inconvenient, if not impracticable, to carry out these provisions. At all events, the court in which is lodged the power which is given by the sections referred to would be unable to give effect to its orders in relation to the suit on the bond, without the aid of the court in which such suit was pending, and the latter court would be without jurisdiction to make any order whatever in relation to the original cause which the parties were bound to obey.

The rule contended for by the defendants' counsel is in accordance with the authorities, and is supported by satisfactory reasons.

The irregularity of an assignee suing in a different court from that in which the original action was commenced may be taken advantage of by a summary application to the court to set aside the proceedings. *Petersdorff on Bail* 226.

The motion to set aside the proceedings on the bail-bond in this court must be granted.

The application for relief against the bond was made on the ground that the defendant had been surrendered to the sheriff before the return day of the writ. That application

*Rev., p. 863, §§ 95, 96, 97.

Florence v. Shumar and Cooper

must be made in the circuit when a suit shall be brought there on the bond. But the question whether a surrender can be made by bail before the return day of the writ, and the effect of such surrender upon the rights of the parties, were elaborately argued by the counsel, and the same questions having arisen in another cause, argued at the same term, in which a decision on these points is necessary, it is most convenient that they shall be considered and decided in connection with the kindred subject of the proper forum in which to sue upon the bond.

The command of the writ is, that the sheriff have the body of the defendant before the court at the return day, to answer the plaintiff. The duty of the sheriff is performed if he has the body in his custody on that day. He may refrain from making the arrest, or, having arrested the defendant, may suffer him to go at large without giving bail to the sheriff, without incurring any responsibility to the plaintiff for an escape, provided he has the defendant in custody on the return day of the writ. 1 *Tidd* 258; 1 *Arch. Prac.* 84; 1 *Saund.* 35 *a.*

The bond, by giving which the defendant is entitled to be released, is given to the sheriff. It is true that the condition of the bond is such that it can only be performed by putting in special bail to the action; but, nevertheless, the bond to the sheriff is his security, which he accepts upon his own responsibility. The plaintiff may decline to accept the security of the bond, and may rule the sheriff to bring in the body, in which case the sheriff will be compelled to rely for his indemnity upon the security of the bond. 3 *Chitty's Gen. Prac.* 389; *Petersdorff on Bail* 216.

Until the return day of the writ, the obligation of the bail is to the sheriff. The sheriff, having obtained the security of the bail-bond, to insure the appearance of the defendant to answer to the action, is under no obligation to accept the body of the defendant in lieu of performance of the condition of the bond. But if the defendant voluntarily surrenders himself to the sheriff before the return day of the writ,

in discharge of his bail, the sheriff may accept such surrender, and if, by virtue of such surrender, he has the defendant in his custody at the 'return day of the writ, the situation of the parties will be as if no bail-bond had been given. *Sewell on Sheriff* 174; 1 *Tidd's Prac.* 248; *Jones* v. *Lander*, 6 *Term R.* 753; *Stamper* v. *Milbourne*, 7 *Term R.* 122; *Maddocks* v. *Bullcock*, 1 *B. & P.* 325; *Hamilton* v. *Wilson*, 1 *East* 383–390; *Plimpton* v. *Howell*, 10 *East* 100; *Lewis* v. *Davies*, 5 *I. B. Moore* 267; *The King* v. *The Sheriff of Wiltshire*, 1 *Bing.* 423; *S. C.*, 8 *I. B. Moore* 518.

The sheriff, if he pleases, may accept a render before the return day and cancel the bond. *Watson on Sheriff* 109. After such surrender no action will lie against the sheriff for not assigning the bond. *Stamper* v. *Milbourne*, 7 *Term R.* 122; *Petersdorff on Bail* 216. The plaintiff's remedy against the sheriff is to rule him to bring in the body.

A surrender, accepted, is not a discharge of the bail, on the ground that it is a performance of the condition of the bond. It operates to release the bail, for the reason that it enables the sheriff to comply with the command of the writ by having the defendant in his custody at the time when he is required to have his body to answer to the plaintiff's suit. If, after such surrender, accepted by the sheriff, the plaintiff obtains an assignment of the bail-bond, and brings an action upon it, the court will stay proceedings and order the bond to be canceled. *Maddocks* v. *Bullcock*; *Plimpton* v. *Howell*; *Lewis* v. *Davies*; *The King* v. *The Sheriff of Wiltshire*, *supra*.

Whether there was a surrender in this case which was accepted by the sheriff is a question of fact for the decision of the Circuit Court when the question is raised before that court.

The proceedings on the bail-bond in this court are set aside, with costs.

WOODHULL and VAN SYCKEL, Justices, concurred.

CITED *in Simmons ads. Kelly*, 10 *Vr.* 439.